```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
  JOYCE KLAUSNER,                                         :
                                                          :
                          Plaintiff,                      :    **ORDER**
                - against -                               :
                                                          :    CV-06-5005 (BMC) (VVP)
  UNITED STATES OF AMERICA, et ano.,                      :
                                                          :
                          Defendants.                     :
                                                          :
----------------------------------------------------------X
```

**COGAN,** District Judge.

Defendant's motion to compel [14] is granted. As to collateral source information, plaintiff has confused an evidentiary rule, which restricts introduction of evidence as to collateral source payments at trial under some circumstances, with discovery, which contains no such restriction. All of the cases cited by plaintiff involved trial rulings and most of them in fact presupposed that collateral source discovery had occurred. There is no restriction on discovery of collateral source information under either federal or New York State law and certainly nothing that rises to the level of a "privilege." See Underwood v. B-E Holdings, Inc., 269 F.Supp.2d 125, 132-33 (W.D.N.Y. 2003) ("defendant is allowed to obtain information relative to collateral sources payments during pre-trial discovery"); Damiano v. Exide Corp., 970 F.Supp. 222, 229 (S.D.N.Y. 1997) (New York courts "have permitted defendants to acquire information on collateral source payments in pretrial discovery").

As to plaintiff's refusal to produce authorizations for injuries other than the ones directly at issue in this lawsuit, the objection is equally frivolous. It is not so much that defendant is claiming that "the knee bone's connected to the thigh bone," etc., although it

may in fact be that plaintiff's injuries are interrelated and defendant is entitled to make that case if the records support it. Rather, it is that in giving medical history to physicians who treated these other injuries, plaintiff may have discussed the injuries at issue here or related some other history that bears upon those injuries. Having put her physical condition at issue by bringing this action, the range of discovery permitted by the federal rules is more than broad enough to require this discovery.

Plaintiff is therefore directed to produce the necessary consents and authorizations forthwith. The Court cautions plaintiff that these objections were not well based, and further conduct in discovery like that demonstrated here will not be well received.

That portion of the motion which seeks an extension of discovery is granted in part. Discovery is extended to June 30, 2007. That seems more than sufficient to accomplish the remaining fact discovery that has to be accomplished prior to trial, assuming plaintiff forthwith produces the necessary consents.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
April 13, 2007